IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION<br>**Plaintiff,**<br><br>v.<br><br>MARCUS TODD BRISCO, YAS CASTELLUM LLC, YAS CASTELLUM FINANCIAL LLC, TIN QUOC TRAN, FRANCISCO STORY, FREDIRICK SAFRANKO, a/k/a TED SAFRANKO, SAEG CAPITAL GENERAL MANAGEMENT LP, and MICHAEL SHANNON SIMS,<br><br>**Defendants.** | § § § § § § § § § § § § § | CASE NO. 4:23-CV-00336 |

## INITIAL REPORT OF THE RECEIVER

Kelly M. Crawford, as the court-appointed Receiver ("Receiver"), submits the following initial report pursuant to this Court's *Order Granting Plaintiff's Motion for an Ex Parte Statutory Restraining Order, Appointment of a Temporary Receiver, and Other Equitable Relief* [Docket No. 10] (the *"SRO"*).

### I.

### INTRODUCTION

The Receiver's job is to recover as many assets as possible, liquidate the same, and distribute the assets to the investors to provide them some relief. This report outlines the steps taken toward that end by the Receiver to date.

## II.

## THE INITIAL SEIZURE OF ASSETS

The Commodity Futures Trading Commission ("CFTC") filed its Complaint under seal against the Defendants on January 31, 2023. The *SRO* was entered under seal on February 6, 2023. The Receiver and his team were in position in two different locations to enforce the SRO and take possession of assets and documents. One team was in Salt Lake City, Utah, prepared to execute the SRO as to Defendant Francisco Story, and the other team was in Houston, Texas, prepared to execute the SRO as to Defendant Tin Quoc Tran.

On the morning of Tuesday, February 7, 2023, the Receiver and his team joined representatives from the CFTC, a process server, and law enforcement to take possession and control of the assets of Defendant Tin Quoc Tran, who was believed to be living at 23638 Providence Ridge Trail, Katy, Texas 77493 (the "Katy House"). Unfortunately, the Katy House was vacant and listed for sale with a broker. According to the neighbors, the Katy House was vacated by Defendant Tran the week before the *SRO* was entered. The Receiver had numerous discussions with the broker who listed the Katy House for sale in an attempt to locate Defendant Tran, but Defendant Tran's whereabout remain unknown.

Also, on the morning of Tuesday, February 7, 2023, the Receiver's team, with representatives from the CFTC, and law enforcement, executed the SRO as to Defendant Francisco Story outside of Salt Lake City, Utah. They entered the house of Defendant Story and also the house of his father David Story. They seized Defendant Story's cell phone, documents, and certain personal property, including 2 motorcycles and several guns.[1]

---

[1] In the days following the seizure of these items, Defendant Story's cell phone was returned to him, along with the documents that were seized from his premises. In addition, the guns were

In addition to the foregoing, at the same time as the Receiver's teams were executing the SRO outside Salt Lake City, Utah, and in Katy, Texas, the Receiver's attorneys and paralegals sent copies of the SRO to banks in which the Defendants were believed to have accounts.

## III.

## ESTABLISHING JURSIDICTION FOR THE RECIEVERSHIP

Pursuant to 28 U.S.C. Section 754, a Receiver may be vested with complete jurisdiction and control of all property within the territory of a federal district court if the Receiver, within ten (10) days of his appointment, files with the federal district court a copy of the complaint and the order appointing him Receiver. Based on information regarding the scope of the Defendants' business, the Receiver filed a copy of the complaint and the order appointing him Receiver in the following federal district courts in the country:

1. Texas- Northern, Eastern, Western Districts (3)
2. Hawaii- Dist. of HI (1)
3. Utah- Dist. of UT (1)
4. Georgia- Middle, Northern, Southern Districts (3)
5. Florida-Middle, Northern, Southern Districts (3)
6. California- Central, Eastern, Northern, Southern (4)
7. New York- Eastern, Northern, Southern, Western (4)
8. Delaware- Dist. of DE (1)
9. Mississippi- Northern, Southern (2)
10. Oklahoma- Eastern, Northern, Western (3)
11. Colorado- Dist. of CO (1)
12. Montana- Dist. of MT (1)
13. Washington State- Eastern, Western (2)
14. Oregon- Dist. of OR (1)
15. Arizona- Dist. of AZ (1)
16. New Mexico- Dist. of NM (1)
17. Arkansas- Eastern, Western (2)
18. Pennsylvania- Middle, Eastern, Western (3)
19. Louisiana- Middles, Eastern, Western (3)
20. Illinois- Central, Northern, Southern (3)

---

left with Defendant Story's attorney, and the keys to one of the motorcycles that has no equity value were returned to Defendant Story.

These filings establish jurisdiction for the receivership in 20 States and allow the Receiver to recover assets of the Defendants that may be found in those States.

## IV.

## INVESTORS

In order to advise investors of the receivership, the Receiver established a website, www.saegreceivership.com, where the Receiver provides his contact information, answers to frequently asked questions, a timeline of events, and copies of the Complaint, and the orders of the Court.

The Receiver's team is dedicated to recovering and maintaining information from each investor to facilitate communications with the investors during the claims process described herein.

## V.

## ASSETS RECOVERED TO DATE

The assets recovered to date by the Receiver are as follows:

| | | |
|---|---|---|
| Chase Bank: | account owned by Marcus Brisco | $27,531.21 |
| Chase Bank: | account owned by Tin Quoc Tran | $68,781.56 |
| Chase Bank: | account owned by Tin Quoc Tran | $8,002.87 |
| Chase Bank: | account owned by SAEG Capital | $2,430.83 |
| First Bank: | account owned by Tin Quoc Tran | $1,561.70 |

Total:  $108,308.17

Monies frozen to date by the Receiver are as follows:

| | |
|---|---|
| Northbrook Bank: | SAEG Capital General Management - $481.56 |

| | |
|---|---|
| Northbrook Bank: | SAEG Holdings, Fredirick T Safranko, Francisco D Story - $280.10 |
| Northbrook Bank: | SAEG Capital General Management LP, Fredirick T Safranko, Francisco D Story -$162.83 |
| America First Credit Union: | Francisco Story - $716.99 |
| Bank of America: | MAS Capital (Mike Sims is signer) - $495,325.90 |
| Bank of America: | Mike Sims Worldwide - $1,361.32 |
| Capital One: | Tin Tran - $2,496.77 |
| E*Trade: | Marcus Brisco - $1.96 |
| Fifth Third Bank: | Marcus Brisco - $8.05 |
| Lone Star Bank: | TD Tran Estates LLC - $5,975.00 |
| Straits Financial – Pilot Traders - $150,000.00 | |
| Central Bank: | PT Adventures - $349,075.12 |

Total: $1,005,886

The Receiver has leads on other assets that have not yet been turned over to the Receiver. For instance, the Receiver received information indicating one of the Defendants has a cryptocurrency account with assets that has not yet been turned over to the Receiver. The Receiver is investigating this lead.

## VI.

## POTENTIAL SOURCES OF RECOVERY

The Receiver identified the house at 23638 Providence Ridge Trail, Katy, Texas, as a source for recovery of investor monies. The house was originally purchased from Perry Homes, the builder by TD Tran Investments, LLC, an entity owned and controlled by Defendant Tran. On January 23, 2023, approximately one week prior to the filing of the Complaint in this matter,

TD Tran Investments, LLC transferred title to the house to TL Venture Holdings, LLC. The member of this limited liability company is Thulinh Nguyen. She was the listing broker for the Katy House and has been involved in business transactions with Defendant Tran. The Receiver believes the transfer of the Katy House from an entity controlled by Defendant Tran to an entity controlled by Ms. Nguyen on the eve of the CFTC filing its Complaint could be a fraudulent transfer. Accordingly, the Receiver filed a Notice of Lis Pendens regarding the Katy House in the Harris County, Texas deed records and intends on taking the deposition of Ms. Nguyen.

In addition to the foregoing, the receivership is in its infancy, and the Receiver is still collecting bank records to examine to determine the disposition of monies and possible targets for recovery.

## VII.

## RECEIVERSHIP PROCEEDINGS IN THE LAWSUIT

The preliminary injunction hearing has been postponed two times with the agreement of the parties. Once the preliminary injunction hearing on April 19, 2023 is completed, and presuming, the relief previously granted by the Court remains in place, the Receiver will be proposing to the Court a set for procedures for the Receiver to follow during the course of the case.

## VIII.

## RECOMMENDATIONS FOR THE RECEIVERSHIP

The Receiver makes the following recommendations for the receivership:

**A. DETERMINING THE SOURCES OF RETAINERS PAID TO DEFENDANTS' ATTORNEYS**

The Receiver requested counsel for Defendants Brisco, Story, and Sims to disclose the source of their retainers for representing their clients.

The *SRO*, as well as Fifth Circuit precedent compel the compliance of Defendants' counsel with the Receiver's request. In *FTC v. Assail, Inc.*, 410 F.3d 256 (5th Cir. 2005), *cert. denied, sub nom., Draskovich v. Robb Evans & Assoc. LLC*, 126 S.Ct. 735, 163 L.Ed.2d 569 (2005) the Fifth Circuit held:

> "[T]here is a clear principle that an attorney is not permitted to be willfully ignorant of how his representation is funded... [W]hen an attorney is objectively on notice that his fees may derive from a pool of frozen assets, he has a duty to make a good faith inquiry into the source of those fees. Failure to make such an inquiry in the face of this duty will result in disgorgement of the funds." *Id.* at 265.

*Assail* relies on numerous cases that discuss an attorney's obligation to "do more than simply take his client at his word" regarding the source of fees where an attorney is on notice that the fees could be subject to forfeiture. Id. at 266; see, *McGraw v. Connelly*, 838 F.2d 844 (6th Cir. 1988)(attorney who received fees from client whose assets were in receivership "was under a duty of inquiry as to the source of his fees"); *SEC v. Princeton Economic International, Ltd.*, 84 F.Supp.2d 443, 446, 447 (S.D.N.Y. 2000)("A lawyer who blindly accepts fees from a client under circumstances that would cause a reasonable lawyer to question the client's intent in paying the fees accepts the fees at his peril"); *In re Moffitt, Zwerling & Kemler, P.C.*, 846 F.Supp. 463 (E.D. Va. 1994)(requiring forfeiture of funds paid to firm that made no efforts to ascertain the source of funds paid by defendant indicted for sale of narcotics).

The Receiver will continue to investigate the source of the retainers paid to the Defendants to determine whether the monies are subject to the *SRO*.

B.   **TIMELINE FOR THE RECEIVERSHIP**

The Receiver recommends continuation of the receivership to complete the discovery, seizure, and liquidation of additional assets; pursuit of claims against recipients of fraudulent transfers; institution and administration of a claims process for the investors who are victims of

the Defendants; and distribution of the assets recovered to the approved claimants. At this early stage of the lawsuit and receivership, the Receiver estimates it will be necessary to continue the receivership in place through at least the following year, and perhaps longer.

Respectfully submitted, April 4, 2023.

                            **RECEIVER KELLY M. CRAWFORD**

                            */s/ Kelly M. Crawford*
                            Kelly M. Crawford, Receiver
                            State Bar No. 05030700
                            SCHEEF & STONE, L.L.P.
                            500 North Akard, Suite 2700
                            Dallas, Texas 75201
                            Tele:  214/706-4200
                            Fax:  214/706-4242

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 4, 2023 I electronically filed the foregoing document with the clerk of the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.

                            /s/ Kelly M. Crawford
                            KELLY M. CRAWFORD