Case 4:23-cv-00336   Document 72   Filed on 04/17/23 in TXSD   Page 1 of 19

United States District Court
Southern District of Texas
**ENTERED**
April 17, 2023
Nathan Ochsner, Clerk

ALISON B. WILSON, *(Attorney-In-Charge), admitted pro hac vice*
SEAN HENNESSY, *admitted pro hac vice*
Attorneys for Plaintiff
COMMODITY FUTURES
TRADING COMMISSION
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone: (202) 418-5000
awilson@cftc.gov
shennessy@cftc.gov

**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS TODD BRISCO, YAS CASTELLUM LLC, YAS CASTELLUM FINANCIAL LLC, TIN QUOC TRAN, FRANCISCO STORY, FREDIRICK SAFRANKO, a/k/a TED SAFRANKO, SAEG CAPITAL GENERAL MANAGEMENT LP, and MICHAEL SHANNON SIMS,<br><br>Defendants. | Civil Case No. 4:23-cv-336<br><br>**PLAINTIFF'S MOTION TO APPROVE CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANT FRANCISCO STORY** |

Plaintiff Commodity Futures Trading Commission respectfully moves the Court to approve the attached Consent Order of Preliminary Injunction and Other Equitable Relief as to Defendant Francisco Story.

Dated: April 14, 2023                    Respectfully submitted,

                                        COMMODITY FUTURES
                                        TRADING COMMISSION

                                        /s/ Alison B. Wilson
                                        ALISON B. WILSON (D.C. Bar 475992), admitted pro hac vice
                                        (Attorney-In-Charge)
                                        SEAN HENNESSY (D.C. Bar 1011564), admitted pro hac vice
                                        Attorneys for Plaintiff
                                        COMMODITY FUTURES
                                        TRADING COMMISSION
                                        1155 21st Street, N.W.
                                        Washington, D.C. 20581
                                        Telephone: (202) 418-5000
                                        awilson@cftc.gov
                                        shennessy@cftc.gov

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 14th day of April, 2023, I electronically filed the foregoing using the CM/ECF filing system, and sent a copy via UPS to the last known address for Defendants Safranko, Tran, and SAEG Capital General Management LP.

<u>/s/ Sean Hennessy</u>
Sean Hennessy

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MARCUS TODD BRISCO, YAS CASTELLUM LLC, YAS CASTELLUM FINANCIAL LLC, TIN QUOC TRAN, FRANCISCO STORY, FREDIRICK SAFRANKO, a/k/a TED SAFRANKO, SAEG CAPITAL GENERAL MANAGEMENT LP, and MICHAEL SHANNON SIMS, <br><br> Defendants. | Civil Case No. 4:23-cv-336 <br><br> **[PROPOSED] CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANT FRANCISCO STORY** |

On January 31, 2023, Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive Relief, Civil Monetary Penalties, Restitution, and Other Equitable Relief ("Complaint"), against Marcus Todd Brisco, Yas Castellum LLC, Yas Castellum Financial LLC, Tin Quoc Tran, Francisco Story ("Story"), Fredrick Safranko a/k/a Ted Safranko, SAEG Capital General Management LP, and Michael Shannon Sims, alleging that from at least April 2020 to present, the Defendants in this action orchestrated a fraudulent scheme to solicit and/or misappropriate money from at least 1,013 individuals, and then attempted to hide the scheme by submitting false bank records to a regulator. [ECF # 1]. Contemporaneously, the Commission filed an *Ex Parte* Motion for Statutory Restraining Order, Appointment of a Temporary Receiver, and Other Equitable Relief ("SRO Motion"). [ECF # 4].

On February 6, 2023, the Court held a hearing on the Commission's SRO Motion. The Court granted the Commission's SRO Motion, determining that the Commission made a *prima facie* showing that the Defendants in this action violated numerous provisions of the Commodity Exchange Act, including 7 U.S.C. §§ 2(c)(2)(C)(iii)(I)(cc), 6b(a)(2)(A)–(C), 6k(2), 6m(1), 6o(1)(A)–(B), and 13(a)(4), and Commission Regulations 17 C.F.R. §§ 4.20(a)(1), (b)–(c), 5.2(b)(1)–(3), and 5.3(a)(2) (2022). SRO [ECF # 10], ¶ 4. The Court also found good cause to grant a restraining order freezing Defendants' assets, allowing inspection of Defendants' records, appointing Kelly Crawford as Temporary Receiver, and granting expedited discovery because the Commission is likely to succeed on the merits in this action, and there is a reasonable likelihood that Defendants will transfer or dissipate assets or destroy records. *Id.* ¶ 12. The SRO also found that the Commission established good cause for issuing a preliminary injunction against the Defendants, and set a Show Cause Hearing for February 22, 2023 at 10:00 a.m. *Id.* ¶ 42.

On February 21, 2023, the Commission filed an Unopposed Motion for a Continuance of the February 22, 2023 Show Cause Hearing. [ECF #16]. On February 17, 2023, Defendant Story filed a Memorandum in Opposition to Motion for Preliminary Injunction and Motion for Reconsideration

of Findings in the Court's Order Dated 2-6-23 ("Opposition and Reconsideration Motion") [ECF # 23], to which the Commission filed a Response on February 21, 2023 [ECF #17]. After a hearing on February 22, 2023 on Defendant Story's Motion for Reconsideration, the Court issued an Order partially lifting the asset freeze against Defendant Story and resetting the Show Cause Hearing for March 20, 2023 at 8:00 a.m. [ECF # 31]. On March 19, 2023, the Court continued the Show Cause Hearing until March 30, 2023 at 1:30 p.m. [ECF # 59]. On March 29, 2023, the Court again continued the Show Cause Hearing until April 19, 2023 at 1:30 p.m. [ECF #63].

Defendant Francisco Story ("Defendant"), without admitting or denying the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Equitable Relief as to Defendant Francisco Story ("Order"), except as to jurisdiction and venue, which he admits, consents to the entry of this Order and states that his consent is entered voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce Defendant to consent to this Order.

Defendant consents to the entry of this Order and to the use of this Order in this proceeding and the parties agree that it has no collateral estoppel effect in any parallel state or federal criminal proceedings, *i.e.*, the entry of this Order is just for these proceedings and should not prejudice or impair Defendant's constitutional civil rights in any parallel criminal proceeding.

**THE PARTIES AGREE AND THE COURT FINDS** that:

1. The Court possesses jurisdiction over the parties and over the subject matter of this action pursuant to 7 U.S.C. § 13a-1, which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies in this District, pursuant to 7 U.S.C. § 13a-1(e), in that Defendants transacted business in this district, and the actions and practices in violation of the Act

have occurred, are occurring, or are about to occur within this district, among other places.

3. Defendant acknowledges receipt of the Summons, Complaint, and all other filings and orders entered herein.

4. Defendant waives the entry of findings of fact and conclusions of law in this action under Fed. R. Civ. P. 52(a)(2).

## I. DEFINITIONS

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

For the purposes of this Order, the following definitions apply:

5. The term "assets" encompasses any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all funds, wherever located, whether in the United States or outside the United States.

6. The term "records" encompasses "documents" and "electronically stored information" as those terms are used in Fed. R. Civ. P. 34(a), and includes, but is not limited to, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or other data compilations—stored in any medium from which information can be obtained or translated, if necessary, into reasonably usable form. The term "records" also refers to each and every such item in Defendant's actual or constructive possession, including but not limited to: (i) all such items within the custody or control of any agents, employers, employees, or partners of the Defendant; and (ii) all items which Defendant has a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate item within the meaning of the term. A record also includes the file and folder tabs associated with each original and copy.

7. "Defendant" refers to Francisco Story, and/or any person insofar as he or she is

{02126643-2} - 4 -
[PROPOSED] CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF

acting in the capacity of an officer, agent, servant, employee, and/or attorney of Defendant and any person or entity who receives actual notice of this Order by personal service or otherwise insofar as he, she or it is acting in concert or participation with Defendant.

## II.     PRELIMINARY INJUNCTIVE RELIEF

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

8.     Defendant and his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendant, including any successors thereof, who receive actual notice of this Order by personal service or otherwise, are preliminarily restrained and enjoined from directly or indirectly violating 7 U.S.C. §§ 6b(a)(2)(A)-(C), 6k(2), 6m(1), 6*o*(1)(A)-(B), and 2(c)(2)(C)(iii)(I)(cc), and Regulations 17 C.F.R. §§ 4.20(a)(1), (b)-(c), 5.2(b)(1)-(3), 5.3(a)(2) (2022).

9.     Defendant and his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendant, including any successors thereof, who receive actual notice of this Order by personal service or otherwise, are preliminarily restrained and enjoined from, directly or indirectly:

   a.   Trading on or subject to the rules of any registered entity (as that term is defined by 7 U.S.C. § 1a(40));

   b.   Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 17 C.F.R. § 1.3 (2022)), for accounts held in the name of Defendant or for accounts in which Defendant has a direct or indirect interest;

   c.   Having any commodity interests traded on Defendant's behalf;

   d.   Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

   e.   Soliciting, receiving, or accepting any funds from any person for the purpose of

purchasing or selling of any commodity interests;

f. Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC except as provided for in Regulation 17 C.F.R. § 4.14(a)(9) (2022); and

g. Acting as a principal (as that term is defined in Regulation 17 C.F.R. § 3.1(a) (2022)), agent, or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38) (2022)), registered, exempted from registration, or required to be registered with the CFTC except as provided for in 17 C.F.R. § 4.14(a)(9).

10. Defendant is restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of, or subject to, access by Defendant.

11. This Order shall apply to any assets derived from or otherwise related to the activities alleged in the Commission's complaint, regardless of when the asset was obtained. However, the assets affected by this Order shall not include assets obtained after the effective date of this Order, to the extent such assets are not derived from or otherwise related to the activities alleged in the Commission's complaint.

12. Any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of Defendant, or has held, controlled, or maintained custody of any such account or asset of Defendant at any time since April 1, 2020, who receives notice of this Order by personal service or otherwise, are hereby notified that this Order prohibits Defendant and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of Defendant's assets, except in accordance with the Court's previous Order partially lifting the asset freeze with respect to Defendant Story,

dated February 28, 2023 [ECF # 31], or as directed by further order of the Court; provided, however, nothing in this Order shall limit the discretion of any compliance official of any retail foreign exchange dealer or futures commission merchant with which Defendant maintains an account to liquidate, or close out, any and all open positions in Defendant's accounts, in a prompt and orderly fashion to avoid losses due to the asset freeze required by this Order.

### III.   MAINTENANCE OF AND ACCESS TO BUSINESS RECORDS

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

13.     Defendant and his agents, servants, employees, assigns, attorneys, and/or persons in active concert or participation with Defendant, including any successors thereof, who receive actual notice of this Order by personal service or otherwise, are restrained from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Defendant.  Representatives of the Commission shall be immediately allowed to inspect the books, records, and other documents of Defendant and its agents, including, but not limited to, paper documents, ESI, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendant or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

14.     To the extent that Defendant has not already fully complied with this provision, Defendant shall, within twenty-four (24) hours of the service of this Order upon them, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all passwords for any encrypted ESI in the possession or control of Defendant that relate to the business practices of Defendant or the business or personal finances of Defendant.  Defendant shall, within twenty-four (24) hours of the service of this Order upon it, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all desktop computers, laptop computers and/or other computers owned and/or used by him in connection with his business.  The schedules required

by this section shall include at a minimum the make, model and description of each, along with the location, the name of the person primarily assigned to use the computer, and all passwords necessary to access and use the software contained on the computer. The Commission and/or its representative shall be authorized to make an electronic, digital or hard copy of all of the data contained on the computer(s).

15. To the extent that Defendant has not already fully complied with this provision, Defendant shall, within five (5) days following the service of this Order, provide the Commission immediate access to all records of Defendant held by financial institutions located within or outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order and submitting same to counsel for the Commission.

16. To the extent that Defendant has not already fully complied with this provision, Defendant shall, within ten (10) calendar days of the date of this Order, provide a complete and accurate accounting of all of Defendant's assets and liabilities, wherever located, together with all funds Defendant received from and paid to others in connection with futures, foreign currency exchange, gold-U.S. dollar pair, or commodity interest transactions or purported futures, foreign currency exchange, gold-U.S. dollar pair, or commodity interest transactions and any other trading, including equities and digital assets. Such accountings shall include, without limitation, the identification of:

    a. All funds, securities, commodity interests, assets and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by Defendant, whether individually or jointly, including accounts or assets of Defendant held by financial institutions located inside and outside the territorial United States;

    b. All funds, securities, commodity interests, assets and other property received directly or indirectly by Defendant, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of Defendant held by

    financial institutions located inside and outside the territorial United States;

  c. All funds, securities, commodity interests, assets and other property transferred or otherwise disposed of directly or indirectly by Defendant, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of Defendant held by financial institutions located inside and outside the territorial United States;

  d. The names and last known addresses, phone numbers, and email addresses of each client of Defendant from April 2020 to the present, including the dates of all funds transferred from clients to Defendant and any corresponding returns of funds to clients; and

  e. The names and last known addresses of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by Defendant.

## IV. APPOINTMENT OF RECEIVER

**THE PARTIES AGREE AND IT IS FURTHER ORDERED that:**

17. Kelly Crawford, previously appointed by the Court as Temporary Receiver pursuant to the SRO, is appointed Receiver with the full powers of an equity receiver for Defendant and his affiliates or subsidiaries owned or controlled by Defendant (hereinafter referred to as the "Receivership Defendant"), and of all records, and all funds, properties, premises, accounts, income, now or hereafter due or owing to the Receivership Defendant, and other assets directly or indirectly owned, beneficially or otherwise, by the Receivership Defendant, except in accordance with the Court's previous Order partially lifting the asset freeze with respect to Defendant Story, dated February 28, 2023 [ECF # 31], or as directed by further order of the Court.

18. The Receiver shall be the agent of this Court in acting as Receiver under this Order.

19. The directions, authorizations, duties, and powers of the Temporary Receiver under

the SRO, including but not limited to those enumerated in Section IV, are granted in full to the Receiver, Kelly Crawford, and incorporated in full herein as part of the Order, except in accordance with the Court's previous Order partially lifting the asset freeze with respect to Defendant Story, dated February 28, 2023 [ECF # 31], or as directed by further order of the Court.

V.   **CONTINUED COOPERATION WITH THE TEMPORARY RECEIVER**

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

20.   Defendant, and all other persons or entities served with a copy of this order, shall continue to cooperate fully with and assist the Temporary Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercising the authority as provided in this Order; providing any password required to access any computer or electronic files in any medium; and discharging the responsibilities of the Temporary Receiver under this Order, and advising all persons who owe money to the Receivership Defendant that all debts should be paid directly to the Temporary Receiver.

21.   Upon service of this Order, and to the extent Defendant has not done so pursuant to the SRO, and except in accordance with the Court's previous Order partially lifting the asset freeze with respect to Defendant Story, dated February 28, 2023 [ECF # 31], or as directed by further order of the Court, Defendant, and any other person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Temporary Receiver in writing, deliver over to the Temporary Receiver:

> a. Possession and custody of records of the Receivership Defendant in connection with his business activities and business and personal finances, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents

and other records of the Receivership Defendant;

b. Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of the Receivership Defendant;

c. Possession and custody of all funds and other assets belonging to members of the public now held by the Receivership Defendant;

d. All keys, computer or cloud computing passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or records of the Receivership Defendant, including but not limited to, access to any Receivership Defendant's business premises, means of communication, accounts, computer systems, mobile electronic devices or other property; and

e. Information identifying the accounts, employees, properties or other assets or obligations of the Receivership Defendant.

22. Except by leave of the Court, during the pendency of the receivership ordered herein, Defendant and all other persons and entities shall be and hereby are stayed from taking any action (other than the present action by the Commission) to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Receivership Defendant, the Temporary Receiver, the Receivership Estate, or the Temporary Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

a. Petitioning, or assisting in the filing of a petition, that would cause the Receivership Defendant to be placed in bankruptcy;

b. Commencing, prosecuting, litigating, or enforcing any suit or proceeding against the Receivership Defendant, or any of their subsidiaries or affiliates, except that such actions may be filed to toll any applicable statute of limitations;

c. Commencing, prosecuting, continuing, or entering any suit or proceeding in the name or on behalf of the Receivership Defendant, or any of their subsidiaries, or

{02126643-2 } - 11 -

[PROPOSED] CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF

affiliates;

d. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Receivership Defendant, or any of their subsidiaries or affiliates or any property claimed by any of them, or attempting to foreclose, forfeit, alter, or terminate any of the Receivership Defendant's interests in property, including without limitation, the establishment, granting, or perfection of any security interest, whether such acts are part of a judicial proceeding or otherwise;

e. Using self-help or executing or issuing, or causing the execution or issuance of, any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Receivership Defendant, or any of his subsidiaries or affiliates, or the Temporary Receiver, or any agent of the Temporary Receiver; and

f. Doing any act or thing whatsoever to interfere with the Temporary Receiver taking control, possession, or management of the property subject to the receivership, or to in any way interfere with the Temporary Receiver or to harass or interfere with the duties of the Temporary Receiver; or to interfere in any manner with the exclusive jurisdiction of this Court over the property and assets of the Receivership Defendant, or their subsidiaries or affiliates.

Provided, however, that nothing in this section shall prohibit any federal or state law enforcement or regulatory authority from commencing or prosecuting an action against the Receivership Defendant.

## VI.  VIOLATIONS OF THE ACT AND REGULATIONS

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

23.   Defendant, his officers, agents, servants, employees, successors, assigns and/or

{02126643-2 } - 12 -

attorneys, and all other persons in active concert or participation with Defendant who receive actual notice of this Order by personal service or otherwise, are hereby restrained, enjoined, and prohibited during the pendency of this action and until further order of the Court, from violating the Act and Commission Regulations as charged in the Complaint.

## VII. BOND NOT REQUIRED OF PLAINTIFF

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

24. As Plaintiff Commission is an agency of the United States of America which has made a proper showing under 7 U.S.C. 13a-1(b), this injunction is granted without bond. Accordingly, the Commission need not post a bond.

## VIII. SERVICE OF ORDER

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

25. Copies of this Order may be served by any means, including electronic mail, facsimile transmission and United Parcel Service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendant, or that may be subject to any provision of this Order.

## IX. SERVICE ON THE COMMISSION

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

26. Defendant shall comply with all electronic filing rules and requirements of the U.S. District Court for the Southern District of Texas and shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Alison B. Wilson, and Sean P. Hennessy, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581, by electronic filing, e-mail, personal delivery or courier service (such as Federal Express or United Parcel Service) and not by regular mail due to potential delay resulting from heightened security and decontamination procedures applicable to the Commission's regular mail.

## X.  FORCE AND EFFECT

27. This Preliminary Injunction Order shall remain in full force and effect until further order of the Court, and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action. Nothing herein shall prevent any party from seeking relief from or amendments to this Order.

**IT IS SO ORDERED,** at Houston, Texas on this ___ day of _____, 2023:

_____
UNITED STATES DISTRICT JUDGE

CONSENTED TO AND APPROVED BY:

| **PLAINTIFF COMMODITY FUTURES TRADING COMMISSION,** | **DEFENDANT FRANCISCO STORY,** |

/s/ Alison B. Wilson
_____
Alison B. Wilson (D.C. Bar 475992)
*admitted pro hac vice*
(Attorney-In-Charge)
Sean Hennessy (D.C. Bar 1011564),
*admitted pro hac vice*
COMMODITY FUTURES TRADING
COMMISSION
1155 21st Street, NW
Washington, D.C. 20581
Telephone: (202) 418-5000
awilson@cftc.gov
shennessy@cftc.gov

/s/ *Francisco Story*
_____

Dated: April 13, 2023

Dated: April 14, 2023

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 14th day of April, 2023, I electronically filed the foregoing using the CM/ECF filing system, and sent a copy via UPS to the last known address for Defendants SAEG Capital General Management LP, Safranko, and Tran.

/s/ Sean Hennessy
Sean Hennessy
