United States District Court
Southern District of Texas
**ENTERED**
July 10, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. H-23-336 |
| v. | § § | |
| MARCUS TODD BRISCO, et al., | § § | |
| Defendants. | § § § | |

**ORDER DENYING MOTION FOR LEAVE TO FILE SUR-REPLY**

In May 2024, the receiver, Kelly M. Crawford, moved for a show cause hearing, arguing that Cardflex, Inc. d/b/a Cliq.com should be held in civil contempt for violating the court's Order Granting Plaintiff's Motion for an Ex Parte Statutory Restraining Order, Appointment of a Temporary Receiver, and Other Equitable Relief (the "Restraining Order"). (Docket Entry Nos. 137, 10).

The Restraining Order appointed Crawford as receiver of the defendants' assets and ordered any person or entity served with a copy of the Order to immediately deliver to Crawford possession and custody of those assets. (Docket Entry No. 10 at ¶ 32). The Order also prohibited "all persons and entities" from taking any action "to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants." (*Id.* at ¶ 34).

Crawford argues that Cliq received actual notice of the Restraining Order but disregarded it by terminating a Merchant Processing Agreement between itself and defendant Francisco Story, assessing a $292,263.48 termination fee against Story's account, and deducting the termination fee from the account. (Docket Entry No. 137 at ¶ 8).

In June 2024, Cliq's president and CEO, Andrew M. Phillips, responded to the motion for show cause hearing. (Docket Entry No. 149). Phillips argued, among other things, that: (1) he should not be required to personally appear at a show cause hearing; and (2) Cliq did not violate the Restraining Order because Cliq had no authority over the account funds and the funds were not subject to the Restraining Order. (*Id.*). Crawford replied in support of the show cause motion, (Docket Entry No. 156), and Phillips moved for leave to file a sur-reply, arguing that Crawford's reply "expands the scope of the issues presented in" the show cause motion. (Docket Entry No. 158 at 2). Specifically, Phillips argues that Crawford's reply made four arguments not made in the show cause motion:

> [1] [I]n the Receiver's Reply, the Receiver provided a detailed legal rationale for why the Reserve Account specifically qualifies as "assets" under the [Restraining Order]. This rationale used new arguments and interpretations that were not fully articulated in the Receiver's Motion, making this a new argument. Since the Receiver's Motion did not provide this detailed explanation, Cliq would have been unable to contest these specific points earlier.
>
> [2] Regarding the *Productive Marketing* case, the Receiver's Motion mentioned this case and focused on its relevance to the enforcement of receivership orders. The Receiver's Reply, however, introduced a new interpretation, explaining that the case is relevant due to the failure to take relevant steps, a broader interpretation than initially provided. This specific legal interpretation and emphasis were not fully developed in the Receiver's Motion, making it a new argument that Cliq would have been unable to contest previously.
>
> [3] The Receiver's Motion detailed Cliq's actions, such as terminating the Merchant Agreement and deducting the Termination Fee but did not explicitly frame these actions as demonstrating control over the Reserve Account. In the Receiver's Reply, the Receiver framed Cliq's instructions to the Bank as constituting control over the Reserve Account for the first time. This detailed framing of control was not presented in the original motion, preventing Cliq from contesting it earlier.
>
> [4] Lastly, the Receiver's Motion focused on specific actions that violated the [Restraining Order] but did not extensively discuss a broader pattern of non-cooperation. The reply expanded on these points, framing Cliq's actions as part of a broader pattern of non-cooperation and introducing this as a new argument. Since the broader framing of non-cooperation was not discussed in the original motion, Cliq would have been unable to contest this argument earlier.

(*Id.* at 2–3).

Crawford has responded in opposition to the motion for leave, arguing that a sur-reply is not justified because Crawford's reply did not make any new arguments, and Phillips's proposed sur-reply only rehashes old arguments. (Docket Entry No. 159).

The court agrees with Crawford. Each of the "new arguments" Phillips points to are elaborations on arguments Crawford had made in the show cause motion. Because Crawford made no new arguments in the reply brief, Phillips's motion for leave to file a sur-reply is denied. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).

SIGNED on July 10, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge