**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MARCUS TODD BRISCO, YAS CASTELLUM LLC, YAS CASTELLUM FINANCIAL LLC, TIN QUOC TRAN, FRANCISCO STORY, FREDIRICK SAFRANKO, a/k/a TED SAFRANKO, SAEG CAPITAL GENERAL MANAGEMENT LP, and MICHAEL SHANNON SIMS, <br><br> Defendants. | Civil Case No. 4:23-cv-336 <br><br> **CONSENT ORDER FOR PERMANENT INJUNCTIVE RELIEF, CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT MICHAEL SHANNON SIMS** |

On January 31, 2023, Plaintiff Commodity Futures Trading Commission's ("Commission" or "CFTC") filed a Complaint against Defendants SAEG GM, Marcus Brisco, Yas Castellum LLC, Yas Castellum Financial LLC, Tin Tran, Francisco Story, Fredrick Safranko, a/k/a Ted Safranko, and Michael Sims ("Sims"), seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1–26, and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2023) ("Complaint" or "Compl."). The Court entered an *ex parte* statutory restraining order against Defendants on February 3, 2023, and a Consent Order of Preliminary Injunction and other Equitable Relief as to Defendant Michael Shannon Sims on March 30, 2023.

## I.   CONSENTS AND AGREEMENTS

To effect settlement of all charges alleged in the Complaint against Sims without a trial on the merits or any further judicial proceedings, Sims:

1. Consents to the entry of this Consent Order for Permanent Injunction, Civil Monetary Penalty, and Other Equitable Relief Against Defendant Michael Shannon Sims ("Consent Order").

2. Affirms that he has read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent, or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledges service of the summons and Complaint;

4. Admits the jurisdiction of this Court over him and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5. Admits the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to the Act;

6. Admits that venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e);

- 2 -

    7.     Waive(s):

        (a) Any and all claims that he may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2023), relating to, or arising from, this action;

        (b) Any and all claims that he may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, tit. II, §§ 201–253, 110 Stat. 847, 857–74 (codified as amended at 28 U.S.C. § 2412 and in scattered sections of 5 U.S.C. and 15 U.S.C.), relating to, or arising from, this action;

        (c) Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

        (d) Any and all rights of appeal from this action;

    8.     Acknowledges that the Commission is the prevailing party in this action for purposes of the waiver of any and all rights under the Equal Access to Justice Act specified in subpart (a) of Paragraph 7;

    9.     Consents to the continued jurisdiction of this Court over him for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this action, even if Defendant now or in the future resides outside the jurisdiction of this Court;

    10.    Agrees that he will not oppose enforcement of this Consent Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon;

    11.    Agrees that neither he nor any of his agents or employees under his authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or the Findings of Fact or Conclusions of Law in this Consent Order, or creating or tending to create the impression that the Complaint and/or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect his (a) testimonial

obligations, or (b) right to take legal positions in other proceedings to which the Commission is not a party. Defendant shall comply with this agreement, and shall undertake all steps necessary to ensure that all of his agents and/or employees under his authority or control understand and comply with this agreement;

12. Consents to the entry of this Consent Order without admitting or denying the allegations of the Complaint or any findings or conclusions in this Consent Order, except as to jurisdiction and venue, which he admits;

13. Consents to the use of the findings and conclusions in this Consent Order in this proceeding and in any other proceeding brought by the Commission or to which the Commission is a party or claimant, and agrees that they shall be taken as true and correct and be given preclusive effect therein, without further proof;

14. Does not consent, however, to the use of this Consent Order, or the findings and conclusions herein, as the sole basis for any other proceeding brought by the Commission or to which the Commission is a party, other than a: statutory disqualification proceeding, proceeding in bankruptcy, or receivership; or proceeding to enforce the terms of this Order;

15. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against him in any other proceeding.

## II.   **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court therefore directs the entry of the following Findings of Fact, Conclusions of Law, permanent injunction and equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, as set forth herein. The findings and conclusions in this Consent Order are not binding on any other party to this action.

**THE COURT HEREBY FINDS:**

A. Findings of Fact

**The Parties to this Consent Order**

16. Plaintiff **Commodity Futures Trading Commission** is an independent federal regulatory agency charged by Congress with the responsibility of administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1–26, and the Commission's Regulations promulgated thereunder, 17 C.F.R. pts. 1–190 (2023).

17. Defendant **Michael Shannon Sims** is a resident of Sunny Isles Beach, Florida. From January 24, 2020 to April 8, 2023, Sims was a Principal of Purported Trading Firm 2, an entity registered with the Commission as a Commodity Pool Operator ("CPO"), Commodity Trading Advisor ("CTA") and listed with the NFA as an approved forex firm. Sims has no other prior registration history with the Commission.

**Sims Aided and Abetted Co-Defendants Fraudulent Scheme**

18. From at least October 2020 to May 2022, at the direction and with the assistance of Sims, Entity Defendant A and Defendant B engaged in a scheme to fraudulently solicit prospective pool participants ("Pool Participants") to deposit funds for the ostensible purpose of participating in a commodity pool. Rather than directing any Pool Participant funds to a firm that trades forex or XAUUSD or maintaining funds in an account in the name of the commodity pool, the funds were instead transferred to bank accounts controlled by Defendant C and another firm ("Purported Trading Firm 1"). Sims helped facilitate this scheme by, among other things, directing Defendant B about where and how to wire funds and instructing Defendant B to disguise the transfers so the scheme would not be discovered. Sims did so with knowledge that Pool Participant funds were intended to be used to trade leveraged or margined retail foreign currency exchange ("retail forex") or leveraged or margined gold-dollar pair ("XAUUSD") retail commodity transactions. Sims also knew or should have known and that the entities to which he directed Entity A to send the funds

would not send funds to any trading firm. Additionally, Sims provided Defendant B with confidential and proprietary information about his hedge fund, Purported Trading Firm 2, that was used by Defendant B to mislead Pool Participants into thinking that Purported Trading Firm 2 was trading Pool funds.

### B. Conclusions of Law

#### Jurisdiction and Venue

19. This Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1331 (codifying federal question jurisdiction) and 28 U.S.C. § 1345 (providing that U.S. district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress). Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a), provides that the Commission may bring actions for injunctive relief or to enforce compliance with the Act or any rule, regulation, or order thereunder in the proper district court of the United States whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

20. Venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e), because certain Defendants reside in this jurisdiction and the acts and practices in violation of the Act or Regulations occurred within this District.

**Aiding and Abetting Fraud by Misrepresentation and Omissions, False Account Statements, and Misappropriation of Pool Participant Funds**

21. Section 13(a) of the Act, 7 U.S.C. § 13c(a), provides that:

> Any person who commits, or who willfully aids, abets, counsels, commands, induces, or procures the commission of, a violation of any of the provisions of this chapter, or any of the rules, regulations, or orders issued pursuant to this chapter, or who acts in combination or concert with any other person in any such violation, or who willfully causes an act to be done or omitted which if directly performed or omitted by him or another would be a violation of the provisions of this chapter or any of such rules, regulations, or orders may be held responsible for such violation as a

principal.

22. Sims willfully aided and abetted violations of Sections 4b(a)(2)(A)–(C) and 4$o$(1)(A)–(B) of the Act, 7 U.S.C. § 6b(a)(2)(A)–(C), 6$o$(1)(A)–(B), and Regulation 5.2(b)(1)–(3), 17 C.F.R. § 5.2(b)(1)–(3) (2023), by, among other things: providing Entity Defendant A with confidential and proprietary documents and information about Purported Trading Firm 2 that Entity Defendant A used to solicit Pool Participants in connection with retail forex and retail commodity transactions, knowingly directing Entity Defendant A to transfer Pool Participant funds to entities that he knew or should have known would not send funds to any trading firm, and by instructing Defendant B to disguise the transfers as payments for "services" so the scheme would not be discovered.

23. Therefore, pursuant to Section 13(a) of the Act ,7 U.S.C. § 13c(a), Sims is responsible, as if he was a principal, for each violation of Sections 4b(a)(2)(A)–(C) and 4$o$(1)(A)–(B) of the Act, 7 U.S.C. §§ 6b(a)(2)(A)–(C) and 6$o$(1)(A)–(B) and Regulation 5.2(b)(1)–(3), 17 C.F.R. § 5.2(b)(1)–(3) (2023) committed by Entity Defendant A and Defendant B.

24. Unless restrained and enjoined by this Court, there is a reasonable likelihood that Sims will continue to engage in the acts and practices alleged in the Complaint and in similar acts and practices in violation of the Act and Regulations.

### III.    PERMANENT INJUNCITON

**IT IS HEREBY ORDERED THAT:**

25. Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Defendant is permanently restrained, enjoined and prohibited from directly or indirectly:

   a. making material misrepresentations and false statements and/or engaging in misappropriation in connection with trading in futures, retail forex, and/or retail commodity transactions in violation of Sections 4b(a)(2)(A)–(C) and 4$o$(1)(A)–(B)

of the Act, 7 U.S.C. §§ 6b(a)(2)(A)–(C) and 6*o*(1)(A)–(B), and Regulation 5.2(b)(1)–(3), 17 C.F.R. § 5.2(b)(1)–(3) (2023);

26. Defendant is also permanently restrained, enjoined and prohibited from directly or indirectly:

   a. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40));

   b. Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2023)), for his own personal account or for any account in which he has a direct or indirect interest;

   c. Having any commodity interests traded on his behalf;

   d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

   e. Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

   f. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2023); and/or

   g. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2023)), agent or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38)), registered, exempted from registration or required to be registered with the Commission except as provided for in 17 C.F.R. § 4.14(a)(9).

### IV.   CIVIL MONETARY PENALTY

27.   Defendant shall pay a civil monetary penalty in the amount of two hundred and fifty thousand dollars [$250,000] ("CMP Obligation"). If the CMP Obligation is not paid in full immediately, then post-judgment interest shall accrue on the unpaid portion of the CMP Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961.

28.   Defendant shall pay his CMP Obligation and any post-judgment interest, by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> 6500 S. MacArthur Blvd.
> HQ Room 266
> Oklahoma City, OK 73169
> 9-amc-ar-cftc@faa.gov

If payment by electronic funds transfer is chosen, Defendant shall contact the Federal Aviation Administration at the email address above to receive payment instructions and shall fully comply with those instructions. Defendant shall accompany payment of the CMP Obligation with a cover letter that identifies Defendant and the name and docket number of this proceeding. Defendant shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

29.   Partial Satisfaction: Acceptance by the Commission of any partial payment of Defendant's CMP Obligation shall not be deemed a waiver of his obligation to make further

payments pursuant to this Consent Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

30.     Satisfaction:  Upon full satisfaction of the Defendant's CMP Obligation, satisfaction of monetary sanctions will be entered as to Defendant.

31.     Asset Freeze:  On February 3, 2023 the court entered an asset freeze order prohibiting the transfer, removal, dissipation and disposal of Defendant's assets ("Asset Freeze Order").  The court hereby lifts the Asset Freeze Order with respect to Sims.

### V.     MISCELLANEOUS PROVISIONS

32.     Until such time as Defendant satisfies in full his CMP obligation under this Consent Order, upon the commencement by or against Defendant of insolvency, receivership or bankruptcy proceedings or any other proceedings for the settlement of Defendant's debts, all notices to creditors required to be furnished to the Commission under Title 11 of the United States Code or other applicable law with respect to such insolvency, receivership bankruptcy or other proceedings, shall be sent to the address below:

   Secretary of the Commission
   Legal Division
   Commodity Futures Trading Commission
   Three Lafayette Centre
   1155 21st Street N.W.
   Washington, DC 20581

33.     Notice:  All notices required to be given by any provision in this Consent Order, except as set forth in paragraph 32, above, shall be sent certified mail, return receipt requested, as follows:

   Notice to Commission:

   Rick Glaser Deputy Director, Division of Enforcement
   Alison Wilson, Chief Trial Attorney
   Commodity Futures Trading Commission
   1155 21st Street, NW
   Washington, D.C. 20581
   Telephone: (202) 418-5000

Notice to Defendant:

Drew Findling
Zachary J. Kelehear
Findling Law Firm
Piedmont Center
3575 Piedmont Road
Tower 15, Suite 1010
Atlanta, Georgia 30305
Telephone (404) 460-4500

All such notices to the Commission shall reference the name and docket number of this action.

34.　　Change of Address/Phone:  Until such time as Defendant satisfies in full his CMP Obligation as set forth in this Consent Order, Defendant shall provide written notice to the Commission by certified mail of any change to his telephone number and mailing address within ten calendar days of the change.

35.　　Entire Agreement and Amendments:  This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date.  Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

36.　　Invalidation:  If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

37.　　Waiver:  The failure of any party to this Consent Order or of any pool participant at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party or pool participant at a later time to enforce the same or any other provision of this Consent Order.  No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

38. Continuing Jurisdiction of this Court:  This Court shall retain jurisdiction of this action to ensure compliance with this Consent Order and for all other purposes related to this action, including any motion by Defendant to modify or for relief from the terms of this Consent Order.

39. Injunctive and Equitable Relief Provisions:  The injunctive and equitable relief provisions of this Consent Order shall be binding upon the following persons who receive actual notice of this Consent Order, by personal service or otherwise:  (1) Defendant; (2) any officer, agent, servant, employee, or attorney of the Defendant; and (3) any other persons who are in active concert or participation with any persons described in subsections (1) and (2) above.

40. Counterparts and Facsimile Execution:  This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart.  Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

41. Contempt:  Defendant understands that the terms of the Consent Order are enforceable through contempt proceedings to the fullest extent of applicable law, and that, in any such proceedings he may not challenge the validity of this Consent Order.

42. Agreements and Undertakings:  Defendant shall comply with all of the undertakings and agreements set forth in this Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby ordered to enter this *Consent Order for Permanent Injunctive Relief, Civil Monetary Penalty, and Other Equitable Relief Against Defendant Michael Shannon Sims* forthwith and without further notice.

**CONSENTED TO AND APPROVED BY:**

| PLAINTIFF COMMODITY FUTURES TRADING COMMISSION | DEFENDANT MICHAEL SHANNON SIMS |
|---|---|
| *[signature]* <br> Alison B. Wilson, *pro hac vice* <br> (Attorney-In-Charge) <br> Kelly Folks, *pro hac vice* <br> Sean Hennessy, *pro hac vice* <br> Sarah Wastler, *pro hac vice* <br> COMMODITY FUTURES TRADING COMMISSION <br> 1155 21st Street, NW <br> Washington, D.C. 20581 <br> Telephone: (202) 418-5000 <br> awilson@cftc.gov <br> kfolks@cftc.gov <br> shennessy@cftc.gov <br> swastler@cftc.gov | *[signature]* <br> Dated: ~~March~~ 16, 2024 <br> April <br><br> *[signature]* <br> Drew Findling, *pro hac vice* <br> Zack Kelehear, *pro hac vice* <br> THE FINDLING LAW FIRM <br> Peidmont Center <br> 3575 Piedmont Road, <br> Tower 15, Suite 1010 <br> Atlanta, Georgia 30305 <br> Telephone: (404) 460-4500 <br> drew@findlinglawfirm.com <br> zack@findlinglawfirm.com <br><br> *Counsel for Defendant Michael Shannon Sims* |

**IT IS SO ORDERED** on this 22nd day of August, 2024

*[signature: Lee H. Rosenthal]*
UNITED STATES DISTRICT JUDGE