# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION §<br>**Plaintiff,** §<br>§<br>v. §<br>§<br>MARCUS TODD BRISCO, YAS CASTELLUM §<br>LLC, YAS CASTELLUM FINANCIAL LLC, TIN §<br>QUOC TRAN, FRANCISCO STORY, §<br>FREDIRICK SAFRANKO, a/k/a TED §<br>SAFRANKO, SAEG CAPITAL GENERAL §<br>MANAGEMENT LP, and MICHAEL SHANNON §<br>SIMS, §<br>§<br>**Defendants.** §<br>§ | CASE NO. 4:23-CV-00336 |

## ORDER OVERRULING OBJECTIONS TO THE RECEIVER'S CLAIMS REPORT AND APPROVING THE RECEIVER'S REVISED CLAIMS REPORT

Before the Court is the *Receiver's Claims Report* [Doc. 165], and the *Receiver's Report Regarding Objections to Receiver's Claims Report, and Response* [Doc. 175](the "*Receiver's Report Regarding Objections*"). Based upon a review of the pleadings on file, the Court makes the following findings and Orders that the objections to the *Receiver's Claims Report* are overruled, and the *Receiver's Revised Claims Report* is approved:

The Receiver's revised recommendations for the claims of the investors and creditors, including the late filed claims, as set forth in the *Revised Claims Report* attached as **Exhibit A** to the *Receiver's Report Regarding Objections* is APPROVED.

1

In the *Receiver's Report Regarding Objections*, the Receiver provided the Court with four objections to his Claims Report that could not be resolved. The Court overrules each of the objections as follows:

a. Voyager Trust (Claim No. 0153) objected to the Receiver's recommendation regarding Creditor CR01 (Cathay Bank), which held secured liens as the mortgagor on two houses in California in receivership, 3408 Lincoln Way, Santa Ana, California, and 1614 W. Cara Drive, Anaheim, California. As set forth in the *Receiver's Status Report* (Doc. 197), the Receiver closed on the sale of the two California houses in receivership on December 30-31, 2024. The mortgages held by Cathay Bank (CR01) were paid at closing based on the Receiver's recommendation of its claim and, after payment of broker's fees and all closing costs, the receivership received $541,683.22 from the sale of both properties. For this reason and the reasons set forth in the *Receiver's Report Regarding Objections*, the Court finds that the Receiver's recommendation regarding Creditor CR01 is proper, and therefore the Court overrules the objection by Voyager Trust (Claim No. 0153).

b. Long Nguyen filed a claim with the Receiver that was rejected by the Receiver and not included in the *Receiver's Revised Claims Report* because the claim lacked sufficient documentation. For the reasons set forth in the *Receiver's Report Regarding Objections*, the Court finds that the Receiver's rejection of the claim of Long Nguyen was proper, and therefore the Court overrules the objection by Long Nguyen.

    c. Marian Barch (Claim 0010) objects to the Receiver's recommendation of her claim not including $10,000 of monies she invested with a person or entity that is not a party to this lawsuit and not subject to the claims process. As reported by the Receiver in the *Receiver's Report Regarding Objections,* "[m]any investors sought to file claims in this receivership but their claims were rejected because the monies were sent to third parties who are not a party to this lawsuit or subject to the receivership claims process." Accordingly, the Court overrules the objection by Marian Barch.

    d. Cliq, Inc. (Claim CR02) submitted a secured claim for a $292,263.48 "Termination Fee" and an unsecured claim for $72,000 in attorneys' fees incurred defending the Receiver's Show Cause Motion that was filed as a result of Cliq, Inc. refusing to turn over the Termination Fee as required by the Court's Orders. For the reasons set forth in this Court's *Memorandum and Order entered on January 24, 2025* [Doc. 200], and for the reasons set forth in the *Receiver's Report Regarding Objections*, the Court overrules the objection by Cliq, Inc. (Claim CR02).

Signed this ____ day of _____, 2025.

                                                                                         _____
                                                                                         UNITED STATES DISTRICT COURT JUDGE